IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Felicia McDuffie, | ) | |
| | ) | C/A No. 1:10-CV-1887-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Meade Trucking Company, Inc.; Brian | ) | |
| Tudor Harris, Jr.; and Jeree L. Shiggs, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on motion to remand filed by Plaintiff Felicia McDuffie ("McDuffie") on August 19, 2010. ECF No. 19. The motion is fully briefed and properly before the court for consideration. The court has thoroughly reviewed the parties' papers and the relevant portions of the record and finds the motion suitable for disposition without oral argument. Therefore, for the reasons that follow, the court hereby **GRANTS** the motion to remand. ECF No. 19.

I.      **BACKGROUND**

This matter arises out of an automobile accident that occurred on June 2, 2009 in Barnwell County, South Carolina. McDuffie was a passenger in a vehicle being driven by Defendant Jeree L. Shiggs ("Shiggs"). Compl. ¶ 6, ECF No. 1-1. Defendant Brian Tudor Harris, Jr. ("Harris") was traveling behind McDuffie and Shiggs, operating a tractor-trailer owned by Defendant Meade Trucking Company ("Meade"). Id. The two vehicles collided when Shiggs attempted to turn left off of the road into a private driveway at the same time that Harris attempted to pass Shiggs in a no passing zone. Id. McDuffie and Shiggs are residents of South Carolina. Compl. ¶¶ 1, 4, ECF No. 1-1. Meade and Harris are not. Id. at ¶ 2–3.

McDuffie filed the within action in the Court of Common Pleas for the County of Allendale, South Carolina on December 22, 2009, asserting that all three Defendants "were negligent, careless, reckless, grossly negligent, willful and wanton" and thus caused the accident and McDuffie's resulting injuries. Id. at ¶ 8. McDuffie alleged that Shiggs specifically was negligent for "failing to maintain a proper lookout; . . . failing to maintain proper control of her vehicle; . . . failing to take evasive action to avoid the collision; . . . failing to give a proper signal; . . . making an improper turn; . . . stopping suddenly; . . . slamming on brakes; . . . failing to exercise the degree of care that a reasonable person would have exercised under the same or similar circumstances; and . . . [i]n such other and further particulars as the evidence in trial may show." Id.

This matter is before the court on several pending motions, including Plaintiff's Motion to Remand filed on August 18, 2010. ECF No. 19. This is the second time that this court has been tasked with deciding a motion to remand between these parties on these claims. Defendants Meade and Harris first filed a notice of removal on February 25, 2010,[1] alleging that Defendant Shiggs had been fraudulently joined for the purpose of defeating diversity. See First Notice of Removal 2, ECF No. 1 (C/N 1:10-CV-00455-MBS). Meade and Harris theorized that, because McDuffie's counsel formerly represented Shiggs in this same matter, McDuffie and Shiggs may have entered into a covenant not to execute judgment or other similar agreement under which Shiggs would not be subject to liability in this case. See Order Remanding Case 2, ECF No. 32 (C/N 1:10-CV-00455-MBS). In response, McDuffie filed an affidavit in which she affirmed,

> I sued Defendant Shiggs because she was negligent in the following ways: (a) she failed to maintain a proper lookout; (b) she failed to take evasive action to avoid the collision; (c) she attempted to turn left before determining that she could turn with

---

[1]    The first Notice of Removal initiated Case No. 1:10-CV-00455-MBS.

reasonable safety; and (d) she did not appear to give a proper signal.

I have not entered into any Covenant Not to Execute against Jeree Shiggs or any settlement agreement of any kind with Jeree Shiggs.

McDuffie Aff. ¶¶ 3–4, ECF No. 21-7 at 44. Thereafter, this court granted Plaintiff's motion to remand through an order issued on May 7, 2010, which concluded:

The court must resolve all issues of fact in the plaintiff's favor at this stage of the proceedings. Plaintiff has shown by affidavit that no settlement agreement exists and there was no covenant. Therefore, Meade and Harris cannot successfully oppose remand and diversity of jurisdiction does not exist.

Order Remanding Case 3, ECF No. 32. Following remand, discovery, which had been stayed, resumed, and McDuffie was deposed. Thereafter, Meade and Harris initiated the instant action by filing their second Notice of Removal on July 20, 2010, again asserting that Shiggs was fraudulently joined. See Second Notice of Removal 2, ECF No. 1. The court now considers Plaintiff's motion to remand. ECF No. 19.

## II. **LEGAL STANDARD**

To show fraudulent joinder, the removing party must demonstrate either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Id. In determining whether attempted joinder is fraudulent, "the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc., 903

F.2d 1000, 1003–04 (4th Cir. 1990).

## III.    ANALYSIS

In opposing the instant motion to remand, Meade argues that discovery following remand has revealed that Defendant Shiggs was, indeed, fraudulently joined and that the statements made in McDuffie's affidavit, upon which this court relied in granting the first motion to remand, were false. Specifically, based on the following testimony by McDuffie at her deposition, Meade contends that "there is absolutely no possibility that . . . McDuffie can establish a cause of action against Jeree Shiggs and there [has] been outright fraud in the pleading of jurisdictional facts."  Def.'s Resp. 1, ECF No. 24:

> Q.    Do you know—realize that you have sued Ms. Shiggs?
> A.    Yes, sir.
> * * *
> Q.    You think she caused the accident?
>           MR. TINSLEY:  Object to the form.
> A.    No, sir.
> Q.    You do not, okay.  Who caused the accident?
> A.    The truck.

McDuffie Dep. 24:14–15, 21–25, ECF No. 24-11 at 31.

> Q.    Did Ms. Shiggs contribute to the accident in any way?
>           MR.TINSLEY: Object to the form.
> A.    You meaning by?  In what way?
> Q.    Did she contribute to the accident?
>           MR.TINSLEY: Object to the form.
> A.    I would say no.
> Q.    Can you think of anything Ms. Shiggs did that caused this accident in any
>        way?
>           MR.TINSLEY: Object to the form.
> A.    No, sir.
> Q.    And the accident was caused by the truck driver?
>           MR.TINSLEY: Object to the form.
> A.    Yes, sir.
> Q.    If Ms. Shiggs did not cause the accident or contribute to it, why did you bring

the lawsuit against her?
                    MR.TINSLEY: Object to the form.

A.      Can you repeat the question you asked?

Q.      Yeah.  If Ms. Shiggs did not cause or contribute to the accident, why did you
bring a lawsuit against her?
                    MR.TINSLEY: Object to the form.

A.      I don't know.

Id. at 25:1–21.  Meade also cites testimony in which McDuffie states that she remembers Shiggs initiating a turn signal; that she does not know what Shiggs could have done to get out of the way of the truck; that Shiggs did not have time to get out of the way of the truck; that the brake lights on the car that Shiggs was driving functioned; that she does not know whether Shiggs contributed to the accident by failing to maintain a proper lookout; that the vehicle that Shiggs was driving was under control at the time of the accident; that Shiggs could have pulled up further, but the result would have been the same; that Shiggs slowed when she came to the turn; and that Shiggs did not slam on her brakes.  See Def.'s Resp. 8–11, ECF No. 24.

Plaintiff counters that Meade cites McDuffie's testimony selectively.  In fact, as evidenced by the transcripts, in citing the first section of testimony reproduced above, Meade deleted some responses by McDuffie, highlighted below in bold:

Q.      Do you know—realize that you have sued Ms. Shiggs?

A.      Yes, sir.

**Q.      Do you plan to collect against her?**

**A.      Yes, sir.**

**Q.      Do you think she was negligent in this accident?**
                    MR. TINSLEY:  Object to the form.

**A.      Yes, sir.**

Q.      You think she caused the accident?
                    MR. TINSLEY:  Object to the form.

A.      No, sir.

Q.      You do not, okay.  Who caused the accident?

A.      The truck.

McDuffie Dep. 24:14–25, ECF No. 19-5 at 2.

Plaintiff further argues that, under any circumstances, McDuffie's negative response to defense counsel's question as to whether McDuffie believed that Shiggs "caused" the accident would not necessarily conclusively settle the legal question of proximate cause—but even more so in this case, given that McDuffie testified that she does not remember the accident because she lost consciousness:

> Q.   You don't remember the accident?
> A.   No, sir.

Id. at 35:14–15.

> Q.   What could Ms. Shiggs have done to get out of the way of the car—the truck, if anything?
> A.   I don't know.
> Q.   And you tell me if I'm wrong, but is it fair to say that the only thing you remember about the accident is hearing the clicking sound of the turn signal and that's it?
> A.   Yes, sir.
> Q.   You don't remember the impact?
> A.   No, sir.
> Q.   Did you lose consciousness?
> A.   Yes, sir.

Id. at 37:14–25.  McDuffie also testified that she does not remember whether the truck turned to avoid hitting the car.  Id. at 39:15–17.[2]

---

[2]   Furthermore, to the extent that Meade credits McDuffie's testimony as conclusive proof that McDuffie could not recover on a negligence claim against Shiggs, it is worth noting that McDuffie is not a licensed driver and has never had a driver's license.  See McDuffie Dep. 24:10–13, ECF No. 19-5 at 2.  It is reasonable to assume she lacks knowledge concerning the laws applicable to driving an automobile and the duties imposed on the driver of an automobile.  Pl.'s Mot. 12 n.3, ECF No. 19-1.

In addition to pointing out portions of McDuffie's testimony that appear to contradict Meade's argument, Plaintiff submits an affidavit from accident reconstruction expert, Bryan Durig. Mr. Durig reviewed <u>inter alia</u>, the complaint, Meade's answer and cross-complaint, the accident report, and McDuffie's deposition, and opines that those materials "[indicate] that Ms. Shiggs should not have attempted to turn left when the Meade Trucking tractor-trailer was in the process of making an illegal passing maneuver." Bryan R. Durig Aff. ¶ 7, ECF No. 19-4. Plaintiff also cites several South Carolina cases that have found that a driver of a vehicle can be held negligent for turning left into the path of a following vehicle that is attempting to overtake it. <u>See</u> <u>Still v. Blake</u>, 177 S.E.2d 469, 473 (S.C. 1970); <u>Jumper v. Goodwin</u>, 123 S.E.2d 857, 860 (S.C. 1962); <u>Anderson v. Davis</u>, 92 S.E.2d 469, 472 (S.C. 1956).

Meade argues that the court should disregard Mr. Durig's affidavit on the basis that McDuffie has not formally identified Mr. Durig as an expert; Mr. Durig has not been approved as an expert by this court; and Mr. Durig does not base his opinion on personal knowledge. Def.'s Resp. 16–17, ECF No. 24. Without Mr. Durig's affidavit, Meade argues, "there is no longer any possibility that the Plaintiff can establish an actionable cause of action for Negligence against Jeree Shiggs," because—Meade insists—McDuffie's testimony at her deposition "directly contradicted that which she had previously submitted to this court as being true" in her affidavit. <u>Id.</u> at 6, 7.

As noted above, the standard for fraudulent joinder is heavily weighted in favor of the plaintiff and, in this case, McDuffie has the better part of this argument. First, when the testimony that Meade relies upon is examined in context, it is not clear that it does, in fact, contradict the affidavit submitted by McDuffie in connection with the first motion to remand. Because a clear contradiction between McDuffie's affidavit and her testimony is the only basis that Meade asserts

for finding that McDuffie fraudulently pleaded jurisdictional facts to avoid removal, the court rejects Meade's argument on this point. Moreover, given the fact that this case is still in the early stages, it is entirely proper to consider the expert testimony proffered by McDuffie—but even without Mr. Durig's testimony, it simply cannot be said that McDuffie's deposition testimony forecloses the possibility of any recovery against Shiggs in state court. Proximate cause is generally a question of fact to be determined by the jury, see, e.g., McKnight v. S. C. Dep't of Corrections, 684 S.E.2d 566, 569 (S.C. Ct. App. 2009), and McDuffie's deposition testimony that Shiggs was "negligent," but that she does not believe Shiggs "caused" the accident does not prohibit a jury from finding that Shiggs's behavior was a contributory cause of the accident.

IV.     **CONCLUSION**

For the reasons stated above, this court concludes that this action was removed improvidently and it is without jurisdiction. Therefore, Plaintiff's motion to remand is **GRANTED**. ECF No. 19. Defendant Jeree Shiggs' Motion to Remand, ECF No. 13, and Plaintiff's Motion to Stay, ECF No. 11, are **DENIED AS MOOT**. This case is hereby **REMANDED** to the South Carolina Court of Common Pleas for Allendale County. A certified copy of this Order of remand shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas, Allendale County, Fourteenth Judicial Circuit of South Carolina.

**IT IS ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

October 14, 2010
Columbia, South Carolina